# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2020

Lyle W. Cayce
Clerk

No. 20-30054
Summary Calendar

AKER SOLUTIONS, INCORPORATED,

      Plaintiff - Appellee

v.

SHAMROCK ENERGY SOLUTIONS, L.L.C.; SHAMROCK MANAGEMENT,
L.L.C., doing business as Shamrock Energy Solutions,

      Defendants – Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-2560

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Shamrock Energy Solutions, LLC and Shamrock Management, LLC ("the Shamrock entities") appeal the district court's post-trial judgment in favor of Aker Solutions, Inc. ("Aker"). We affirm.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-30054

## I. Background

Shamrock Management, LLC ("Shamrock Management") performs work for oil and gas companies. In 2008, Jeffrey Trahan purchased Shamrock Management and became its sole member and manager. In 2012, Trahan formed Shamrock Energy Solutions, LLC ("Shamrock Energy") to serve as a holding company for Shamrock Management. Trahan was the sole member and manager of Shamrock Energy. In 2015, Shamrock Management began doing business as "Shamrock Energy Solutions."

Meanwhile, in 2013, Trahan formed Samurai International Petroleum, LLC ("SIPCO"). As with the Shamrock entities, Trahan was SIPCO's sole member and manager. The reason Trahan created SIPCO was because Shamrock Management's financing conditions prohibited it from directly engaging in oil and gas exploration and production. SIPCO would do what Shamrock Management could not: pursue oil and gas exploration and production opportunities.

The relationship among the Shamrock entities and SIPCO was, by any measure, close. Trahan owned all three companies.[1] All three shared the same Houma, Louisiana business address. Shamrock Energy's sole purpose was to serve as a holding company and re-branding agent of Shamrock Management. And SIPCO's sole purpose was to do a certain type of business that Shamrock Management could not do. The top officers of Shamrock Management and SIPCO were identical. Those officers and other Shamrock Management employees who performed work on behalf of SIPCO often used their Shamrock Management and SIPCO email address interchangeably. Perhaps most importantly, SIPCO was completely financially dependent on Shamrock

---

[1] The Shamrock entities note that it was technically Shamrock Energy, not Trahan, who owned Shamrock Management. Because Trahan owned Shamrock Energy, which owned Shamrock Management, it is not misleading to say he also owned Shamrock Management.

No. 20-30054

Management. On at least two occasions, Shamrock Management directly paid SIPCO's debts and was never reimbursed by SIPCO for the payments. In sum, Shamrock Energy was a holding company for Shamrock Management, which SIPCO completely depended on for its existence.

Aker entered the picture in 2014. At the time, SIPCO was considering acquiring an offshore oil and gas lease in the Gulf of Mexico. Eventually, Aker and SIPCO entered into a contract in which SIPCO agreed to pay Aker to perform a study of the offshore area that SIPCO wanted to explore. Aker performed the study and billed SIPCO roughly $1.7 million for the work. SIPCO never paid. In February 2016, a petition was filed to liquidate and dissolve SIPCO.

In March 2016, Aker filed this diversity suit against SIPCO and Shamrock Energy. Shamrock Management and Trahan were eventually added as defendants. Aker claimed that SIPCO breached the companies' contract by failing to pay for the study. It also alleged that the Shamrock entities were solidarily liable to Aker under Louisiana's "single business enterprise" theory. Additionally, Aker alleged that Trahan was individually liable as SIPCO's alter-ego.

Following a two-day bench trial in June 2019, the district court in October 2019 ruled that SIPCO breached its contract with Aker and that Shamrock Management was solidarily liable with SIPCO for the breach because the pair constituted a single business enterprise. The court nevertheless rejected Aker's alter-ego theory, absolving Trahan of individual liability for SIPCO's breach. The court awarded Aker a money judgment in the amount of $1,780,144.19 plus pre- and post-judgment interest, attorney's fees, and court costs.

The Shamrock entities timely moved for amendment of the findings of fact and conclusions of law and for a new trial. In December 2019, the district

No. 20-30054

court denied the companies' request for a new trial. Nevertheless, the court amended its findings of fact and conclusions of law as follows:

> to clarify that the Court employed the clear-and-convincing evidentiary standard in analyzing whether Aker satisfied its burden of proof on its single-business-enterprise claim; that equity is served by imposing joint and several liability against the Shamrock Defendants under the single-business-enterprise theory; and also that Aker did not waive its claim for attorney's fees, which are awarded pursuant to the terms of the parties' contract.

On appeal, the Shamrock entities raise two issues. They first argue that the district court erred in finding that Shamrock Management and SIPCO constituted a single business enterprise. Next, they contend that even if the district court's finding was correct, the court nonetheless erred in determining that it was appropriate to hold Shamrock Management liable for SIPCO's breach absent any fraud on Shamrock Management's part.

## II. Standard of Review

We review the district court's factual findings for clear error and its conclusions of law de novo. *Fraser v. Patrick O'Connor & Assocs., L.P.*, 954 F.3d 742, 745 (5th Cir. 2020); *see* FED. R. CIV. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

No. 20-30054

### III. Discussion

Although this case obligated the district court to make an *Erie* guess regarding an unsettled area of Louisiana law,[2] the Shamrock entities do not argue on appeal that the court applied the wrong law. Instead, they argue that the court erred when it found, as a factual matter, that Shamrock Management and SIPCO constituted a single business enterprise. This error was compounded, the Shamrock entities contend, when the court found as a matter of equity that Shamrock Management should be held liable for SIPCO's breach.

In *Green v. Champion Insurance Co.*, Louisiana's First Circuit Court of Appeal listed eighteen factors that courts *could* consider when determining whether a single business enterprise had been formed. 577 So. 2d 249, 257–58 (La. Ct. App.), *writ denied*, 580 So. 2d 668 (La. 1991). We emphasize the word "could" because the court in *Green* explained that the "list is illustrative and is not intended as an exhaustive list of relevant factors." *Id.* at 258. As the court further explained, "[n]o one factor is dispositive of the issue of 'single business enterprise.'" *Id.*

Federal district courts considering the *Green* factors have found that single business enterprises existed where some, but far from all, of the factors were present. *E.g.*, *Bona Fide Demolition & Recovery, LLC v. Crosby Const. Co. of Louisiana*, 690 F. Supp. 2d 435, 448 (E.D. La. 2010) ("In sum, many of the *Green* factors are present in this case and on the whole, the evidence demonstrates that [the two companies] are not operated as distinct entities

---

[2] *Gulf & Miss. River Transp. Co. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488 (5th Cir. 2013) (explaining that federal courts sitting in diversity should determine as best they can what the Louisiana Supreme Court would do when deciding issues of unsettled Louisiana law). The law is "unsettled" because the Louisiana Supreme Court has never affirmatively endorsed the single business enterprise theory, which "has contributed to a hodgepodge of views about the doctrine in lower Louisiana courts." *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 460–61 (5th Cir. 2016) (collecting cases).

despite their separate incorporation."); *Cargill, Inc. v. Clark*, No. 14-00233-BAJ-SCR, 2015 WL 4715010, at \*12 (M.D. La. Aug. 7, 2015) ("The two LLCs, which share a sole manager and member and a sole employee, farm on essentially the same land, using farm equipment transferred from one to the other in a zero-dollar sale. One LLC pays insurance on a truck owned by the other. And bank records indicate that one was directly responsible for the incorporation of the other.").

Here, the district court supported its finding of fact by noting that no fewer than *thirteen* of the eighteen *Green* factors were present: common ownership, common officers, unified administrative control, officers of each entity failing to act independently of one another, one entity financing the other, inadequate capitalization, one entity causing the creation of the other, one entity receiving all its business from the other, one entity using the property of the other, sharing common employees, one entity's employees rendering services on behalf of the other, sharing common offices, and having centralized accounting. *See Green*, 577 So. 2d at 257–58 (listing the eighteen factors). Considering these factors among the totality of circumstances, the district court held that Shamrock Management and SIPCO constituted a single business enterprise. This was not clearly erroneous.

The district court also did not clearly err in finding in equity that Shamrock Management should be liable for SIPCO's breach even though Aker knew the entities were distinct on paper, only contracted with SIPCO, and continued performing under the contract even though unpaid debts began to pile up over time. These facts would support an argument that Aker was not *defrauded*. But a showing of fraud is not required to succeed under a single

business enterprise theory claim in Louisiana.[3] *See id.* at 259 ("Upon finding that a group of corporations constitute a 'single business enterprise,' the court may disregard the concept of corporate separateness to extend liability to each of the affiliated corporations to prevent fraud *or to achieve equity.*") (emphasis added). It was enough for the district court to find that "SIPCO acted to aid only [the Shamrock entities] in vetting . . . opportunities, which they were contractually forbidden to do themselves," and the Shamrock entities benefitted from Aker's work product.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[3] The Shamrock entities ask us for the first time in their reply brief to certify a question to the Louisiana Supreme Court about whether "some heightened form of misconduct"—*e.g.*, fraud or bad faith—is required to succeed on a single business enterprise theory of liability under Louisiana law. We decline the belated invitation.